IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

SHONDAIA LINDSEY,

    Plaintiff,

CASE NO.:

v.

PHILLIP STEPHEN HARRIS and
CABULL-LINK, INC.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHONDAIA LINDSEY, by and through her undersigned counsel, sues Defendants, PHILLIP STEPHEN HARRIS, an individual, and CABULL-LINK, INC., a foreign corporation, and in support thereof respectfully alleges the following:

## GENERAL ALLEGATIONS

1. This is a cause of action for damages in excess of fifty thousand dollars ($50,000.00) exclusive of costs, interest and attorney's fees.

2. This cause of action is brought by Plaintiff, SHONDAIA LINDSEY, a resident of Houston, Texas.

3. At all times material hereto, Defendant, PHILLIP STEPHEN HARRIS (hereinafter "Defendant" or "MR. HARRIS") was a resident DeSoto County, Florida, or in the alternative, said Defendant is a non-resident of the State of Florida or is a resident of the State of Florida who has been and presently is concealing his whereabouts and, by operating a motor vehicle within the State of Florida, constitutes the Secretary of State his agent for the service of process of this civil action.

4. At all times material hereto, Defendant, CABULL-LINK, INC., was principally

1

located at 1690 SW Reynolds Street, Arcadia, DeSoto County, Florida 34266.

5. At all times material hereto, Defendant, CABULL-LINK, INC., (hereinafter "Defendant" or "CABULL-LINK, INC.") owned, leased, or otherwise had the right of possession and/or control over heavy truck bearing VIN No.: 1FD0X4HN3NEF31587 with trailer VIN No.: 7JEPU1423PG001135 and with Vehicle Tag No.: 89DSZY (hereinafter referred to as "the truck").

6. At that time and place, Defendant, MR. HARRIS, had the express permission of CABULL-LINK, INC., to operate the truck.

7. At that time and place, Defendant, MR. HARRIS, was permissively operating the truck in the course and scope of employment with Defendant, CABULL-LINK, INC.

8. This cause of action occurred in Manatee County, Florida.

9. Venue is proper in the Twelfth Judicial Circuit, in and for Manatee County, Florida.

## COUNT ONE-
## NEGLIGENCE AGAINST
## PHILLIP STEPHEN HARRIS

10. The Plaintiff, SHONDAIA LINDSEY, realleges and incorporates all the allegations contained in paragraphs one (1) through nine (9) above as though fully restated herein.

11. On or about November 22, 2024, the Plaintiff, SHONDAIA LINDSEY, was lawfully operating her motor vehicle northbound on Gulf of Mexico Drive at Sutton Place, Longboat Key, Manatee County, Florida.

12. On or about November 22, 2024, Defendant, MR. HARRIS, was operating the truck northbound on Gulf of Mexico Drive at Sutton Place, Longboat Key, Manatee County, Florida, and was directly behind the Plaintiff.

13. On or about November 22, 2024, Defendant, MR. HARRIS, did operate, maintain, and/or control the truck in such a negligent manner, failed to keep a safe distance, and when the Plaintiff slowed down for traffic, Defendant, PHILLIP STEPHEN HARRIS, failed to stop the truck in time and crashed into the rear of the Plaintiff's vehicle.

"2025CA001267AX" 225410128 Filed at Manatee County Clerk 06/17/2025 12:14:20 PM EDT

14. As a result of the impact from the truck, the Plaintiff, SHONDAIA LINDSEY was injured.

15. As a direct and proximate result of the negligence of Defendant, PHILLIP STEPHEN HARRIS, Plaintiff, SHONDAIA LINDSEY, has suffered and will continue to suffer in the future the following damages:

    a. permanent personal injuries within a reasonable degree of medical probability;

    b. pain and suffering; past, present, and future;

    c. mental anguish;

    d. physical limitations and impairments;

    e. decreased capacity for the enjoyment of life and decrease of life choices;

    f. loss of earnings; past, present, and future;

    g. medical expenses for the care and treatment of her injuries, past and future; and/or

    h. aggravation of a pre-existing condition.

16. These injuries consist in whole or in part of a significant and permanent loss of important bodily functions, and permanent injuries within a reasonable degree of medical probability. However, should it be determined that any such bodily injuries are not permanent, then Plaintiff claims entitlement to all damages resulting from non-permanent injuries and which are based upon benefits therefore not paid by Personal Injury Protection (No Fault Benefits).

WHEREFORE, Plaintiff, SHONDAIA LINDSEY, demands judgment against Defendant, PHILLIP STEPHEN HARRIS, for all damages and relief afforded by Florida Law, all costs, interest, pre-judgment interest, post- judgment interest, and Plaintiff further demands trial by jury on all issues so triable.

## COUNT II: VICARIOUS LIABILITY OF CABULL-LINK, INC. – DANGEROUS INSTRUMENTALITY

17. Plaintiff re-alleges and incorporates the averments within paragraphs (1) through (16) above, as fully set forth herein and further alleges:

18. The truck owned, leased, or otherwise had the right of possession and/or control over by Defendant, CABULL-LINK, INC., was a dangerous instrumentality under Florida Law, and was permissively operated by Defendant, MR. HARRIS on November 22, 2024.

19. At that time and place, MR. HARRIS, while during the course and scope of his employment with the Defendant, CABULL-LINK, INC., negligently operated and maintained said heavy truck by failing to look ahead for other vehicles, following too closely, and/or carelessly driving the truck; that as a result, SHONDAIA LINDSEY was struck by said truck causing his injuries.

20. Because the subject truck was a dangerous instrumentality, Defendant, CABULL-LINK, INC., is vicariously liable for any negligence of Defendant, MR. HARRIS, in the operation of the subject truck.

21. As a direct and proximate result of the Defendant's driver, MR. HARRIS, Plaintiff was injured.

22. As a direct and proximate result of the negligence of Defendant, CABULL-LINK, INC., Plaintiff, SHONDAIA LINDSEY, has suffered and will continue to suffer in the future the following damages:

    a. permanent personal injuries within a reasonable degree of medical probability;

    b. pain and suffering; past, present, and future;

    c. mental anguish;

    d. physical limitations and impairments;

"2025CA001267AX" 225410128 Filed at Manatee County Clerk 06/17/2025 12:14:20 PM EDT

e. decreased capacity for the enjoyment of life and decrease of life choices;

f. loss of earnings; past, present, and future;

g. medical expenses for the care and treatment of her injuries, past and future; and/or

h. aggravation of a pre-existing condition.

28. These injuries consist in whole or in part of a significant and permanent loss of important bodily functions, and permanent injuries within a reasonable degree of medical probability. However, should it be determined that any such bodily injuries are not permanent, then Plaintiff claims entitlement to all damages resulting from non-permanent injuries and which are based upon benefits therefore not paid by Personal Injury Protection (No Fault Benefits).

WHEREFORE, Plaintiff demands judgment against Defendant, CABULL-LINK, INC., for all damages and relief afforded by Florida law, all costs, interest, pre-judgment interest, post-judgment interest, and Plaintiff further demands trial by jury on all issues so triable.

DATED this 17th day of June 2025.

Respectfully submitted,

*/s/ John C. Distasio*
JOHN C. DISTASIO, ESQ.
Florida Bar No.: 96328
CHRIS LIMBEROPOULOS, ESQ.
Florida Bar No.: 341126
THE FLORIDA LAW GROUP
407 N. Howard Ave., Suite 100
Tampa, FL 33606
Telephone: (813) 463-8880
service@floridalawgroup.org
john@floridalawgroup.org
chris@floridalawgroup.org
*Attorneys for Plaintiff*