**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHONDAIA LINDSEY,

      Plaintiff,

v.                                                       Case No. 8:26-cv-204-KKM-AAS

PHILLIP STEPHEN HARRIS
and CABULL-LINK, INC.,

      Defendants.

_____

## **ORDER**

Plaintiff Shondaia Lindsey moves to remand this action to state court and for an award of attorney's fees because defendants Phillip Harris and Cabull-Link, Inc., failed to timely file a notice of removal. Mot. to Remand (MTR) (Doc. 6). I remand the action to state court and grant in part Lindsey's request for attorney's fees because I cannot discern an objectively reasonable basis for seeking removal in an untimely manner.

On June 17, 2025, Lindsey filed suit in the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, Florida, alleging that Harris negligently operated a truck that crashed into the rear of Lindsey's vehicle, and that Harris's employer, Cabull-Link, was vicariously liable for Harris's negligence. Compl. (Doc. 1-1) ¶¶ 10–28. Lindsey is a resident of Texas, Harris

is a resident of Florida, and Cabull-Link is "principally located" in Florida. *Id.* ¶¶ 2–4; *see* (Doc. 1-4) (Florida Division of Corporations website listing Cabull-Link as a "Florida Profit Corporation"). The action seeks "damages in excess of fifty thousand dollars" for Lindsey's "personal permanent injuries," which "consist in whole or in part of a significant and permanent loss of important bodily functions." *Id.* ¶¶ 1, 14–16, 21–22.

Defendants Harris and Cabull-Link were served with process on December 20, 2025. MTR at 2; (Doc. 6-1). The defendants filed their notice of removal in this Court on January 23, 2026, more than thirty days after service of the complaint. *See* (Doc. 1). The defendants then refiled the notice and paid the filing fee on January 26, 2026. *See* (Doc. 2). That same day, Lindsey moved to remand the action and for attorney's fees under 28 U.S.C. § 1447(c). *See generally* MTR. The defendants did not respond to Lindsey's motion within fourteen days. *See* Local Rule 3.01(d) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Lindsey is correct that the defendants did not file their notice of removal until thirty-four days after being served. The defendants' notice of removal was untimely, and

2

the action is subject to remand on that basis alone. *See Liebig v. DeJoy*, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993) (explaining that the thirty–day limit in § 1446(b) is "mandatory and may not be extended by the court.").

One other issue appears, though. Under 28 U.S.C. § 1446(b)(3), when "the case stated by the initial pleading is not removable," a defendant may also remove "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is . . . removable." The defendants do not respond to Lindsey's motion to remand, and so do not address whether they could only "first ascertain[]" removability upon receipt of some "other paper" than the complaint. Nor does the notice of removal contain "a short and plain statement of the grounds for removal."[1] 28 U.S.C. § 1446(a). Looking strictly to the complaint, then, I cannot confirm that the jurisdictional prerequisites are satisfied in the first instance and so also remand for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

[1] The defendants' civil cover sheet filed in this Court lists the basis for jurisdiction as diversity jurisdiction. (Doc. 1-5) at 1. The cover sheet indicates that the parties are citizens of different states and that the requested demand was $1,000,000. *Id.* But allegations in a civil cover sheet are not part of a complaint or removal notice. *See Koppey v. Liberty Mut. Fire Ins. Co.*, No. 20-23581-CIV, 2020 WL 13389220, at *3 n.2 (S.D. Fla. Dec. 31, 2020) (collecting cases).

No federal question appears on the face of the complaint. Likewise, the complaint does not sufficiently allege this Court's diversity jurisdiction, which requires that the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Lindsey's state-court complaint says only that he is a "resident" of Texas and defendant Harris is a "resident" of Florida.[2] ¶¶ 2–3. While those allegations raise a presumption of domicile that would have allowed the defendants to "intelligently ascertain" the parties' citizenship, *see Grima v. Standard Fire Ins. Co.*, No. 8:25-CV-3252-KKM-LSG, 2026 WL 124309, at *3 (M.D. Fla. Jan. 16, 2026), that presumption is not sufficient to *establish* this Court's jurisdiction, *see Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149–50 (11th Cir. 2021) ("Residency is necessary, but insufficient, to establish citizenship in a state.").

Next, when the complaint fails to allege a specific damages amount—as here—removal is proper only if it is "facially apparent" that the amount in controversy exceeds $75,000. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001). I cannot make that conclusion here, where Lindsey seeks "damages in excess of fifty thousand dollars" and alleges a series of generic, albeit "permanent," injuries (and resulting medical expenses) from

---

[2] Lindsey alleges that Cabull-Link was "principally located" in Florida, and the removal documents include an official state website indicating that Cabull-Link is incorporated in Florida. *See* Compl. ¶ 4; Doc. (2-4). That is sufficient to allege that Cabull-Link is a Florida citizen. *See* 28 U.S.C. § 1332(c)(1).

Harris's truck colliding with his vehicle. *See id.* ¶¶ 1, 14–16, 21–22; *see, e.g., Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) ("Generalized claims for various types of damages do not establish that the amount in controversy more likely than not exceeds $75,000." (citation modified)), *abrogated in part on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). Although I could use "judicial experience and common sense" to evaluate other documents that support the damages, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010), the defendants do not provide any. Thus, the defendants fail to carry their burden to "demonstrate that federal jurisdiction exists." *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

Lastly, I turn to Lindsey's request for fees. *See* MTR at 5–6. When a court remands a case to state court, it may award attorney's fees, costs, and expenses incurred because of the removal. *See* 28 U.S.C. § 1447(c). "Absent unusual circumstances," however, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* This standard "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford

5

defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Here, although the complaint is insufficient to *establish* diversity jurisdiction, Lindsey's allegations are not so inadequate that the defendants could not "have intelligently ascertained that [they] could remove the action." *Grima*, 2026 WL 124309, at *3; *see also Dow v. SunRun, Inc.*, No. 8:25-CV-2459-KKM-AAS, 2025 WL 3177351, at *3 (M.D. Fla. Oct. 30, 2025) (explaining that although the defendant "could not establish the amount in controversy" for jurisdictional purposes, "it was not so evident from looking at [the plaintiff's] amended complaint alone"). Even if the complaint provided the defendants with an objectively reasonable basis to remove, doing so untimely is presumptively unreasonable. *See, e.g., Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x. 888, 893–94 (11th Cir. 2011) (per curiam) (affirming award of fees for an untimely removal); *Bankston v. Illinois Nat. Ins. Co.*, 443 F. Supp. 2d 1380, 1382 (M.D. Fla. 2006) (awarding fees for untimely removal). The defendants do not explain any reason for their failure.

Although I conclude that Lindsey is entitled to an award of attorney's fees, at this stage he fails to establish that the requested $2,500 award is reasonable. Using the lodestar approach, "[c]ourts apply a reasonableness standard for awarding fees and costs under 28 U.S.C. § 1447(c)." *ISD Trenton, LLC v. Cont'l Benefits, LLC*, No. 8:19-cv-825-T-30AEP, 2020 WL 9454963, at

*10 (M.D. Fla. Jan. 23, 2020). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). The party seeking fees has the burden of establishing that the hourly rate and hours expended are reasonable. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303–04 (11th Cir. 1988). An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. The fee applicant must produce "satisfactory evidence" that "speak[s] to rates actually billed and paid in similar lawsuits," which requires "more than the affidavit of the attorney performing the work." *Id*

Lindsey submits only an affidavit from his attorney listing the attorney's rate of $500 per hour and describing the time spent responding to the removal notice. *See* Distasio Aff. (Doc. 6-3). The affidavit fails to provide "satisfactory evidence" that the rate charged is reasonable based on the market and the attorney's relative experience. *Norman*, 836 F.2d at 1299; *see also Rudy v. Best Elec. Air Conditioning & Plumbing LLC*, No. 6:24-cv-1231-JSS-LHP, 2024 WL 4201966, at *3 (M.D. Fla. Sept. 4, 2024), *report and recommendation adopted*, WL 4264861 (M.D. Fla. Sept. 23, 2024) (reducing hourly rate for attorney with over 20 years' experience to $350.00 in awarding fees under § 1447(c)).

## I.    CONCLUSION

Defendants Harris and Cabull-Link failed to file their notice of removal within the statutorily prescribed time to do so. Further, absent any response from the defendants, it appears this Court lacks subject matter jurisdiction over the action. Accordingly, it is **ORDERED:**

1.    Lindsey's motion to remand (Doc. 6) is **GRANTED**.

2.    The Clerk is directed to **REMAND** this action to the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, Florida, and to transmit a certified copy of this order to the clerk of that court.

3.    Lindsey's request for attorney's fees associated with the removal is **GRANTED IN PART.**

4.    This Court retains jurisdiction for the limited purpose of determining the amount of attorney's fees to be awarded under 28 U.S.C. § 1447(c).

5.    The parties shall confer in a good faith effort to resolve, without the assistance of the Court, the appropriate amount for attorney's fees. If the parties fail to agree, Lindsey may file a detailed affidavit in support of his request for fees no later than **February 19, 2026**. Defendants may respond to the affidavit no later than **February 26, 2026**.

**ORDERED** in Tampa, Florida, on February 13, 2026.

Kathryn Kimball Mizelle
United States District Judge

9